**Charles Anthony RENFRO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–90–00658–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 9, 1992.

Rehearing Denied Feb. 6, 1992.

Discretionary Review Refused
April 15, 1992.

Daniel F. Prashner, Houston, for appellant.

Linda A. West, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and CANNON, JJ.

OPINION

J. CURTISS BROWN, Chief Justice.

This is an appeal from a conviction of indecency with a child. Charles Anthony Renfro, appellant, was charged with four counts of indecency with a child. The State abandoned count number two and went to trial on the other counts. Appellant was convicted by a jury of all three counts and sentenced to five years confinement in the Institutional Division of the Texas Department of Criminal Justice. In a single point of error, appellant claims that the trial court erred in excluding exculpatory evidence on the issue of mistaken identity. We reverse and remand.

At approximately 1:40 to 1:45 p.m. on Monday, November 6, 1989, the complainants were returning to their Latin class from the Library at St. Thomas Episcopal School. St. Thomas Episcopal school is located in the Southwest area of Houston near Beechnut and Interstate 610. Complainants were four female students from 12 to 13 years of age. They rounded a corner in the hall and were confronted by a man, approximately 90 to 100 feet away at the other end of the hall. The man was wearing nothing but a crop top T-shirt and was holding and rubbing his genitals. The girls screamed and ran away to report the incident. The encounter lasted no more than ten seconds. A police officer arrived at the school and questioned the girls in a group. They described a white male of medium build with brown wavy hair and stubble on his face. The officer showed them a photospread and they made no positive identification as they "weren't sure." They were sent together to get their books and then returned to the officer. On the second viewing, the other girls watched as one of their friends picked appellant's picture. The other girls then followed suit, identifying appellant as the culprit. The girls picked appellant's picture out of another photospread about two months later and then identified him in court. The complaint against appellant was filed on February 8, 1990 and he was subsequently arrested. Appellant presented an alibi defense of mistaken identity.

On November 6, 1989, appellant was working at First City Bank's Financial Center in the vault collection department. First City Financial Center is at 1301 Fannin in downtown Houston. He was dressed in coat and tie and was clean-shaven. A computerized record of appellant's comings and goings on the date in question showed that he used his card key to leave the vault at 1:16 p.m. Appellant's normal lunch period was from 1:00 to 2:00 p.m. and his time card showed a 45 minute lunch for that day. His habit on Mondays was to eat lunch with fellow employee, David Morgan, at the employee cafeteria. Appellant apparently reentered the vault at the same time as another employee sometime before

3:01 p.m. when his next exit from the vault using his card key was shown. Appellant did not drive to work because he and his wife owned only one car and his driver's license had been suspended for a prior D.W.I. (driving while intoxicated) conviction. He generally rode the park and ride bus to work or his wife would drop him off downtown on her way to work.

Appellant's sole point of error concerns exculpatory evidence of similar instances of indecent exposure committed by a man fitting appellant's description. He alleges that the trial court committed reversible error by refusing to admit evidence that appellant had been the victim of misidentification in two strikingly similar and contemporaneous cases. We agree.

By offer of proof, appellant attempted to present two female witnesses who had been accosted, in the Southwest area of Houston, by a white male of medium build with brown or dark wavy hair clothed in nothing but a T-shirt. In one case, the man masturbated in front of a woman at a bus stop and in the other case the man confronted a woman at a parking lot elevator. Both incidents were similar enough to the instant case that appellant's picture was included in the photospread used by the investigating officers. Appellant was identified from the photospread. However, when one witness saw him in a line-up she determined he was not the culprit, and when the other witness saw a videotape of the line-up she also determined appellant was not the guilty party.

Identification is an important issue in the prosecution of appellant for this crime. Complainants' viewing of the incident was extremely short in duration from a good distance away and appellant's alibi defense was well supported. In such a case, "evidence showing that another person similar in appearance to the Defendant was committing similar crimes at about the same time, and that one person mistakenly identified the Defendant as such criminal, is admissible." *Holt v. United States,* 342 F.2d 163, 165 (5th Cir.1965).

If the appellant had been positively identified by these two women, and this evi-

dence offered by the state at trial after appellant had offered his alibi defense, its admissibility would be upheld on appeal. Under TEX.R.CRIM.EVID. 404(b) such evidence of similar extraneous offenses is admissible to prove identity. *Pleasant v. State,* 755 S.W.2d 204, 205 (Tex.App.—Houston [14th Dist.] 1988, no pet.). The Court of Criminal Appeals has stated that "evidence of an extraneous offense is admissible to prove identity, when identity is an issue, only if there is some distinguishing characteristic common to both the extraneous offense and the offense for which the accused is on trial." *Ransom v. State,* 503 S.W.2d 810, 812 (Tex.Crim.App.1974). In the instant case, both extraneous incidents have a sufficiently similar *modus operandi* to the offense charged to be admissible. Further, this evidence is clearly relevant because it has a tendency to make it more probable than not that appellant did not commit the crime charged and was the victim of mistaken identity. *Pleasant,* 755 S.W.2d at 206; TEX.R.CRIM.EVID. 401.

We hold that the rule should cut both ways and benefit an accused in appropriate circumstances just as it does the State. The right to offer the testimony of witnesses on behalf of the accused and present his version of the facts "is a fundamental element of due process of law." *Washington v. Texas,* 388 U.S. 14, 19, 87 S.Ct. 1920, 1923, 18 L.Ed.2d 1019 (1967). It was error for the trial court to refuse to admit appellant's exculpatory evidence. We sustain his point of error.

The judgment of the trial court is reversed and remanded for a new trial.