David **PEREZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 10–05–00060–CR.

Court of Appeals of Texas, Waco.

Jan. 18, 2006.

Douglas L. Wilder, Dallas, for appellant.

Tim Curry, Tarrant County Crim. Dist. Atty., Fort Worth, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

BILL VANCE, Justice.

A jury found Appellant David Perez guilty of driving while intoxicated, and the trial court sentenced him to ninety days' confinement in county jail (probated for two years), and a $600 fine. Asserting one issue, he complains that the trial court erred in denying his motion for mistrial concerning evidence of his post-arrest silence. We will affirm.

A Fort Worth police officer stopped Perez at 2:00 a.m. after observing him weaving and driving very slowly. Perez failed several field sobriety tests and was arrested and taken to jail. He failed a breath test, and further sobriety testing was videotaped. On the videotape, Perez invoked his right to remain silent after receiving his *Miranda* warnings. Before trial, the State and the defense agreed to mute that portion of the videotape when it was shown to the jury, and that in fact happened.

But in the subsequent testimony of the intoxilyzer operator, Officer Hernandez, the following exchange occurred in which the very facts the State had agreed to keep from the jury were elicited:

Q. After you administered the field sobriety tests, what did you do?

A. After that, we normally read the— read them their rights and ask—ask them if they will answer some questions?

Q. And then, what happened after that?

A. He refused to answer questions, and then we moved on to the running—

At that point, the jury was removed from the courtroom, and the trial court indicated that it would sustain an objection and instruct the jury to disregard the last question and answer. When the jury returned, the defense objected to the last

question and answer, the objection was sustained, and the trial court instructed the jury to disregard the last question and answer and to not consider them for any purpose. The defense then moved for a mistrial, which the trial court denied.

■■■ Perez's issue asserts that the trial court erred in refusing to grant a mistrial. The denial of a motion for mistrial, appropriate for "highly prejudicial and incurable errors," is reviewed under an abuse of discretion standard. *See Simpson v. State*, 119 S.W.3d 262, 272 (Tex.Crim.App.2003) (quoting *Wood v. State*, 18 S.W.3d 642, 648 (Tex.Crim.App. 2000)); *Ladd v. State*, 3 S.W.3d 547, 567 (Tex.Crim.App.1999).

> [T]he question of whether a mistrial should have been granted involves most, if not all, of the same considerations that attend a harm analysis. A mistrial is the trial court's remedy for improper conduct that is "so prejudicial that expenditure of further time and expense would be wasteful and futile." In effect, the trial court conducts an appellate function: determining whether improper conduct is so harmful that the case must be redone. Of course, the harm analysis is conducted in light of the trial court's curative instruction. Only in extreme circumstances, where the prejudice is incurable, will a mistrial be required.

*Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim.App.2004). Thus, the appropriate test for evaluating whether the trial court abused its discretion in overruling a motion for mistrial is a tailored version of the test originally set out in *Mosley v. State*, 983 S.W.2d 249, 259–60 (Tex.Crim.App. 1998), a harm analysis case. *See Hawkins*, 135 S.W.3d at 77 ("We therefore agree that the *Mosley* factors should be used to evaluate whether the trial court abused its discretion in denying a mistrial for improper argument, at least in cases like this one, in which constitutional rights are not implicated."). The *Mosley* factors that we consider in determining whether the trial court abused its discretion in denying a mistrial are: (1) the severity of the misconduct (the magnitude of the prejudicial effect); (2) measures adopted to cure the misconduct (the efficacy of any cautionary instruction by the judge); and (3) the certainty of conviction absent the misconduct. *Mosley*, 983 S.W.2d at 259.[1]

A comment on a defendant's post-arrest silence violates the rights of the accused under the Fifth Amendment of the United States Constitution and article I, section 10 of the Texas Constitution. *See Doyle v. Ohio*, 426 U.S. 610, 618, 96 S.Ct. 2240, 2245, 49 L.Ed.2d 91 (1976); *Dinkins v. State*, 894 S.W.2d 330, 356 (Tex.Crim.App. 1995); *Mendoza v. State*, 959 S.W.2d 321, 324 (Tex.App.-Waco 1997, pet. ref'd). We have applied the *Mosley* factors when constitutional rights are implicated. *See Archie v. State*, 181 S.W.3d 428, 431 (Tex. App.-Waco 2005, pet. filed).

Applying the *Mosley* factors, we first observe that the prosecutor's and officer's conduct appear to be the result of inadvertence and inattention and that their mistakes were not repeated; the question and answer were not calculated to inflame the minds of the jury. *Cf. Rojas v. State*, 986 S.W.2d 241, 250 (Tex.Crim.App.1998) ("A witness's inadvertent reference to an extraneous offense is generally cured by a prompt instruction to disregard."). Nor was Perez's post-arrest silence mentioned by the State in closing argument. On the other hand, the nature of the constitutional right affected was serious, but the prejudi-

---

1. In the punishment phase context, these factors are tailored as follows: "(1) the severity of the misconduct [prejudicial effect], (2) curative measures, and (3) the certainty of conviction absent the misconduct [likelihood of the same punishment being assessed]." *Hawkins*, 135 S.W.3d at 77.

cial effect is lessened by the absence of flagrancy and persistency and the instruction to disregard. *See Johnson v. State,* 83 S.W.3d 229, 231–33 (Tex.App.-Waco 2002, pet. ref'd); *cf. Waldo v. State,* 746 S.W.2d 750, 754 (Tex.Crim.App.1988) ("Nor, secondly, do we find the potential for prejudice from a comment on postMiranda silence to be as great as that which necessarily derives from a prosecutor's deliberate comment on a defendant's failure to testify."); *Roberson v. State,* 100 S.W.3d 36, 40–44 (Tex.App.-Waco 2002, pet. ref'd) (flagrancy and persistence of prosecutor's conduct compounds prejudicial effect).

In most instances, an instruction to disregard will cure the prejudicial effect. *Wesbrook v. State,* 29 S.W.3d 103, 115–16 (Tex.Crim.App.2000); *Waldo,* 746 S.W.2d at 754. The improper question and answer were followed by an instruction to disregard from the trial court, which we presume was complied with by the jury. *See Colburn v. State,* 966 S.W.2d 511, 520 (Tex.Crim.App.1998). The harm flowing from a comment on the accused's post-arrest silence can be cured by an effective instruction to disregard. *Johnson,* 83 S.W.3d at 233; *Mendoza,* 959 S.W.2d at 324 (citing *Waldo,* 746 S.W.2d at 754). An instruction to disregard is presumptively inadequate only in the most blatant cases; only offensive or flagrant improper conduct warrants reversal when there has been an instruction to disregard, and, in the case at bar, the question and

answer were not so flagrant that the instruction to disregard was ineffective. *See Dinkins,* 894 S.W.2d at 356; *Wilkerson v. State,* 881 S.W.2d 321, 327 (Tex.Crim.App. 1994); *Roberson,* 100 S.W.3d at 41.

Finally, considering all the evidence, the certainty of conviction—absent the improper question and answer—was great, considering the arresting and assisting officers' testimony, the police videotape of Perez, and the intoxilyzer results showing Perez's breath-alcohol concentration to be just under twice the legal limit.

We cannot say that the trial court abused its discretion in denying the mistrial motion, and we overrule Perez's sole issue.[2] We affirm the trial court's judgment.

---

**2.** Within his sole issue, Perez also complains of improper jury argument about the State's expert's inability to provide reliable extrapolation testimony because the expert lacked the information needed to formulate an opinion—information that could only have been obtained from Perez but was not obtained because he had refused to answer questions after being arrested. Perez objected to the prosecutor's jury argument, asserting that it invited the jury to speculate based on evidence that was not in the record. On appeal, however, Perez argues that the prosecutor

was improperly commenting on Perez's refusal to answer questions. This complaint on appeal does not comport with the objection that he made in the trial court, which is necessary for preservation of the complaint. *See Resendiz v. State,* 112 S.W.3d 541, 547 (Tex.Crim.App.2003); *Broxton v. State,* 909 S.W.2d 912, 918 (Tex.Crim.App.1995). For this reason, Perez's complaint about improper jury argument has not been preserved for our review. *See Rezac v. State,* 782 S.W.2d 869, 870 (Tex.Crim.App.1990).