NO. 07-07-0129-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 5, 2007
_____


KHAMPHETH BOUNKHOUN,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY;

NO. 0978509D; HON. EVERETT YOUNG, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Khampheth Bounkhoun appeals his conviction for murder by contending in four issues that the evidence is legally and factually insufficient to sustain it, the trial court erred in admitting two photographs of the victim, and the trial court should have granted him a mistrial when the prosecutor commented on his right not to testify. We affirm the judgment of the trial court.

*Issues 1 and 2 - Legal and Factual Sufficiency*

*Standard of Review*

The standards by which we review the legal and factual sufficiency of the evidence are found in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and *Watson v. State,* 204 S.W.3d 404 (Tex. Crim. App. 2006). We refer the parties to those cases.

*Application of Standard*

Appellant argues that there was "mass confusion" in the parking lot where the murder occurred and that no evidence clearly established him as the one who shot Vy "Julie" Nguyen. Yet, one witness testified that immediately after hearing a gunshot, she saw appellant pointing a black object that she believed to be a gun. Another witness testified that appellant informed her that he had shot Julie. A third witness stated that he had given appellant a handgun like that used to commit the murder. Finally, after the shooting, evidence illustrated that appellant fled the state to the Carolinas. This is some evidence upon which a rational jury could conclude, beyond reasonable doubt, that appellant fired the bullet that killed Julie.

That various of the witnesses may have had grudges or may have initially lied to the police raised issues of credibility. Nevertheless, it was for the jury to resolve those issues and determine the weight to be accorded the prosecutor's witnesses. *Margraves v. State,* 34 S.W.3d 912, 919 (Tex. Crim. App. 2000). So, these circumstances, when compared to the entire record, do not undermine our confidence in the verdict. In sum, we find the evidence both legally and factually sufficient to support the verdict.

2

*Issue 3 - Admission of Photographs*

In his third issue, appellant complains about the trial court's decision to admit two photographs over his Rule 403 objection. Both photographs showed the gunshot wound to the head of the victim. We overrule the issue.

*Standard of Review*

Whether the trial court erred in overruling a Rule 403 objection depends upon whether it abused its discretion, *i.e.* whether the decision fell outside the zone of reasonable disagreement. *Rayford v. State,* 125 S.W.3d 521, 529 (Tex. Crim. App. 2003). Next, a photograph is generally admissible if verbal testimony about the matter depicted in the photos is admissible. *Paredes v. State,* 129 S.W.3d 530, 539 (Tex. Crim. App. 2004). So too may photographs of a murder victim be admissible to show the manner and means of death, even if they merely corroborate other kinds of evidence. *Moreno v. State,* 1 S.W.3d 846, 857 (Tex. App.–Corpus Christi 1999, pet. ref'd). Finally, that a relevant picture may be gruesome alone is not necessarily justification to exclude it. *Sonnier v. State,* 913 S.W.2d 511, 519 (Tex. Crim. App. 1995).

*Application of Standard*

The two photos in question were only of the wound inflicted on the victim, not of her body or her face. Thus, they were rather clinical in nature and relevant to her manner of death. Furthermore, the medical examiner described in one of the photos the "keyhole" pattern that occurs when a bullet strikes the skull. He also referred to the size of the wound in his testimony. Thus, the pictures arguably explained aspects of the medical

3

examiner's testimony.   Given this, we cannot say the trial court's decision to admit them fell outside the zone of reasonable disagreement.

*Issue 4 - Motion for Mistrial*

In his last issue, appellant argues that the trial court abused its discretion in failing to grant his motion for mistrial after the State commented on his right not to testify.  We disagree and overrule the issue.

*Standard of Review*

We review the trial court's ruling under the standard of abused discretion.  *Archie v. State,* 221 S.W.3d 695, 699 (Tex. Crim. App. 2007).  Next, a mistrial is an extreme remedy for prejudicial events.  *Ex parte Lewis,* 219 S.W.3d 335, 351 n.133 (Tex. Crim. App. 2007).  Consequently, the denial of a motion for mistrial constitutes error only if the instruction to disregard was inadequate to cure the prejudicial effect, if any, arising from the misdeed.  *Wilkerson v. State,* 881 S.W.2d 321, 327 (Tex. Crim. App. 1994).

Next, it is clear that a chance of prejudice arising from comments on post-arrest silence may be cured by an instruction to disregard.  *See Waldo v. State,* 746 S.W.2d 750, 754 (Tex. Crim. App. 1988); *Dossett v. State,* 216 S.W.3d 7, 32 (Tex. App.–San Antonio 2006, pet. ref'd); *Ho v. State,* 171 S.W.3d 295, 306 (Tex. App.–Houston [14th Dist.] 2005, pet. ref'd).  And, we presume the jury followed such an instruction.  *Wesbrook v. State,* 29 S.W.3d 103, 116 (Tex. Crim. App. 2000).

*Application of Standard*

Here, the objectionable comment occurred when the State asked a police officer if he had an opportunity to talk to appellant while transporting appellant back to Texas from

4

North Carolina. The officer stated: "No . . . [w]e attempted to interview him there at the jail, but he requested an attorney be present, so we stopped the interview." Appellant objected to the statement. After the objection was sustained, appellant sought an instruction to disregard which instruction the trial court gave. However, it refused to grant the request for a mistrial.

In answering the question propounded, the officer's statement was somewhat non-responsive. It went further than the scope of information directly sought by the query. Moreover, the trial court instructed the jury "to disregard the last comment," the comment was not repeated, no reference was made to the comment during closing argument, and the quantum of evidence depicting appellant's guilt was quite high. Under these circumstances, we conclude that reasonable minds could disagree on whether the instruction cured any prejudice arising from the officer's statement. In short, we do not have before us offensive or flagrantly improper conduct of the type beyond cure. *See Perez v. State,* 187 S.W.3d 110, 112-13 (Tex. App.–Waco 2006, no pet.) (finding an instruction to disregard effective when the mistake was not repeated, the statement was not calculated to inflame the minds of the jury, and it was not referenced in closing argument). Thus, the decision to deny mistrial came within the zone of reasonable disagreement.

Having overruled all of appellant's issues, we affirm the judgment.

Per Curiam

Do not publish.

5