

# IN THE
# TENTH COURT OF APPEALS

## No. 10-11-00168-CR

**MIGUEL GABINO MEJIAS,**

                                                            **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                            **Appellee**

### From the 249th District Court
### Johnson County, Texas
### Trial Court No. F44572

---

## MEMORANDUM  OPINION

---

Miguel Gabino Mejias pled guilty to the offense of aggravated assault with a deadly weapon—family violence and elected to have a jury decide his punishment. *See* TEX. PENAL CODE ANN. § 22.02(b)(1) (West 2011). After a hearing, the jury assessed Mejias' punishment at 60 years in prison and a $10,000 fine. Because the trial court did not err in denying Mejias' motion for mistrial and did not err in overruling his objection to the introduction of two photographs, the judgment is affirmed.

## BACKGROUND

Early Easter morning in 2010, Mejias and his wife, Armida, had a fight. Mejias punched and broke the headboard of their bed. When Armida told him to leave the house, he injected himself with illegal steroids. Mejias eventually left but returned a short time later through the garage attached to the house and broke down the back door. Again Armida told Mejias to leave. He complied but again returned and kicked in the glass door to the kitchen. Mejias slapped Armida, knocking her to the ground. He then grabbed a large kitchen knife and stabbed Armida in the chest, abdomen, and arm—cutting her internal mammary artery, lower lobe of the left lung, heart, diaphragm, and liver. Mejias would not allow Armida to leave the house and did not seek medical attention for her for at least 20 minutes before he finally called 911. Armida was flown to John Peter Smith Hospital in Fort Worth. She survived her injuries.

## MISTRIAL

In his first issue, Mejias contends the trial court erred in denying his motion for mistrial after sustaining an objection to testimony from a State's witness regarding an extraneous offense.

When the trial court sustains the defense's objection, grants the requested instruction to disregard, but denies the motion for mistrial, the proper issue is whether the refusal to grant the mistrial was an abuse of discretion. *Hawkins v. State*, 135 S.W.3d

72, 76-77 (Tex. Crim. App. 2004). In deciding whether to grant a motion for mistrial, however, the trial court effectively conducts an appellate function: determining whether improper conduct is so *harmful* that the case must be redone. *Id*. at 77. Only in extreme circumstances, where the prejudice is incurable, will a mistrial be required. *Simpson v. State*, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003). A prompt instruction to disregard will ordinarily cure any prejudice associated with an improper question and answer, even one regarding extraneous offenses. *Ovalle v. State*, 13 S.W.3d 774, 783 (Tex. Crim. App. 2000).[1] *Accord Marshall v. State*, 210 S.W.3d 618, 628-629 (Tex. Crim. App. 2006); *Young v. State*, 137 S.W.3d 65, 69-70 (Tex. Crim. App. 2004); *Rojas v. State*, 986 S.W.2d 241, 250 (Tex. Crim. App. 1998).

Mayra Escobar was called by the State to testify about her prior relationship with Mejias. When she was asked about whether Mejias ever made any statements that he would harm her, she stated that Mejias threatened to kill her or her daughter or her family if Mayra ever called the police or left Mejias. Mayra then stated that Mejias would also think of gruesome ways to harm her, such as: "he said he would kind of almost like a pulley system, where he would do like a fish lure to the eyelids." After this statement, Mejias asked to approach the bench. Mayra's testimony about this incident was continued outside the presence of the jury where she further explained this system:

---

[1] The *Ovalle* opinion viewed the instruction to disregard as a means to cure "error." However, in light of *Hawkins*, we view it as curing "prejudice."

...it would be like fish hooks from your eyelids tied to the back of your foot so, like you have to blink, it would pull you, or if you moved your leg, something to be tearing and just basically torture.

After argument by both parties, a request by Mejias for an instruction to disregard, and a request for a mistrial, the trial court ruled that he would instruct the jury to disregard the witness' last answer and deny the motion for mistrial. When the jury was brought back into the courtroom, the trial court promptly sustained Mejias' objection and instructed the jury to "disregard the witness' last answer and not consider that answer for any purpose in this case."

After reviewing the record, we find the answer is not so extreme that prejudice, if any, could not be cured by the instruction to disregard such as to require a mistrial, especially compared to Mayra's more explicit description of Mejias' threat outside the presence of the jury.[2] Accordingly, the trial court did not abuse its discretion in denying Mejias' motion for mistrial. Mejias' first issue is overruled.

---

[2] Both Mejias and the State review the potential prejudice of Mayra's answer in light of the factors pronounced in *Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998). The Court of Criminal Appeals in *Mosley* adopted factors to use to evaluate whether the trial court abused its discretion in denying a motion for mistrial for improper argument during the guilt/innocence phase of a trial. *Id*. 240-259. In *Hawkins*, the Court of Criminal appeals tailored the *Mosley* factors to evaluate the denial of a motion for mistrial resulting from improper argument in the punishment phase of the trial. Because the Court of Criminal Appeals has not adopted the *Mosley/Hawkins* factors in evaluating the denial of a motion for mistrial pursuant to any reason other than improper argument, such as the improper introduction of extraneous offenses, we do not use those factors in our review of Mejias' first issue. We recognize that in 2006, this Court twice evaluated the denial of a motion for mistrial for the improper introduction of extraneous evidence using the *Mosley* factors. *See England v. State*, No. 10-05-00021-CR, 2006 Tex. App. LEXIS 2524 (Tex. App.—Waco Mar. 29, 2006, pet. ref'd) (not designated for publication); *Perez v. State*, 187 S.W.3d 110 (Tex. App.—Waco 2006, no pet.). The *Mosley* type review and analysis conducted in those cases was inappropriate based on the nature of the issues in those proceedings, and we do not follow them in this proceeding.

## PHOTOGRAPHS

In his second issue, Mejias argues that the trial court erred in admitting photographs of Armida while in the hospital. Specifically, he argues that the trial court, after balancing the various Rule 403 factors set out in *Montgomery v. State*, should have reasonably concluded that the probative value of the photos was substantially outweighed by the danger of unfair prejudice. TEX. R. EVID. 403; *Montgomery v. State*, 810 S.W.2d 372, 389-90 (Tex. Crim. App. 1991) (op. on reh'g).

In evaluating the photos in light of the *Montgomery* factors, Mejias contends the probative value of the photos was inherently weak because they did not portray any of the wounds to Armida; the State did not have a great need for the evidence because Mejias pled guilty and the nature and severity of the wounds was not depicted in the photos; the photos had a tendency to influence the jury on an improper basis by arousing the jury's sympathy for Armida and anger toward Mejias for placing her in the hospital; and the photos were graphic and could have easily confused the jury by distracting the jury from the main issue of the case; that being, a proper punishment.

The two photos about which Mejias complains were of Armida, lying in a hospital bed. The photos depict her attached to a ventilator with I-Vs in her arm and with a brace on her neck. The admissibility of photographs over an objection is within the sound discretion of the trial court. *Davis v. State*, 313 S.W.3d 317, 331 (Tex. Crim. App. 2010). After considering the *Montgomery* factors relevant to a Rule 403 analysis

and the factors specific to the review of the admission of photographs as set out in *Narvaiz*,[3] we find that the trial court did not abuse its discretion in admitting the photos over Mejias' Rule 403 objection.[4]  Mejias' second issue is overruled.

## CONCLUSION

Having overruled each of Mejias' issues on appeal, we affirm the judgment of the trial court.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
      (Justice Davis concurs with a note)*
Affirmed
Opinion delivered and filed July 12, 2012
Do not publish
[CRPM]

* "(Footnote 2 is unnecessary to the analysis, noting or disposition of this appeal.)"

---

[3] *Narvaiz v. State*, 840 S.W.2d 415, 429 (Tex. Crim. App. 1992) (the number of photographs, the size, whether they are in color or are black and white, whether they are gruesome, whether any bodies are clothed or naked, and whether the body has been altered by autopsy).

[4] This is especially so in light of Armida's reluctance to testify about the severity of her injuries and other pictures about which Mejias does not complain on appeal which depict Armida lying on the floor covered in blood.