NO. 07-04-0110-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JANUARY 31, 2005

______________________________

BOBBY RICHARD WHITE, 

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 64
TH
 DISTRICT COURT OF CASTRO COUNTY;

NO. A2879-0304; HON. ROBERT W. KINKAID, JR., PRESIDING

_______________________________

Before QUINN, REAVIS and CAMPBELL, JJ.

Bobby Richard White (appellant) appeals his conviction for possessing a controlled substance, namely methamphetamine, in an amount greater than four grams but less than 200 grams.  Via three issues, appellant contends that 1) the manner in which the officers executed their search warrant was improper and 2) the evidence was legally and factually insufficient to support his conviction.  We affirm.

Issue One–Execution of the Search Warrant 

To reiterate, appellant initially contends that the police officers who discovered the drugs improperly executed the search warrant.  They purportedly did so by failing to knock on the door of the trailer in which appellant lived and announce their presence before forcibly entering it.  Indeed, the evidence shows that the officers broke through both the storm and front door of the abode upon their arrival at the scene.  They did not announce their presence until they had entered.  

At the same time the officers were entering the trailer, another group was attempting to search a barn that was also on the property.  Before entering it, however, the officers knocked and (when no one answered) kicked on its door to make their presence known.  Eventually, appellant, who was in the barn, opened the door.  After a search of the barn was conducted and burned foil was discovered, which the officers deemed drug paraphernalia, the officers took appellant to the trailer.  

At the trailer, a search was conducted of appellant’s person.  It resulted in the discovery of three packets of methamphetamine.  A “torch” and cigarette lighter had also been seen to have fallen from his pocket.  A search of the trailer itself uncovered marijuana in a bedroom wherein Jamie White was found, drug paraphernalia in a nylon bag in the kitchen, and a plastic bag containing methamphetamine in the bathroom linen closet hidden between some towels.  

The United States Supreme Court has recognized, as part of the Fourth Amendment to the United States Constitution, the obligation of police officers to knock and announce their presence before entering an abode when executing a search warrant. 
Richards v. Wisconsin
, 520 U.S. 385, 394, 117 S.Ct. 1416, 1421, 137 L.Ed.2d 615 (1997).  Yet, the requirement has its exceptions.  It need not be satisfied if the officers have reasonable suspicion to believe that knocking and announcing their presence, under the particular circumstances, would be dangerous or futile or would inhibit the effective investigation of the crime.  
Id.
; 
Brown v. State
, 115 S.W.3d 633, 638 (Tex. App.–Waco 2003, no pet.).  Moreover, the standard of reasonable suspicion set by 
Richards
 is not high and must be evaluated 
as of the time of the search.  
Id.

Here, the record contains evidence illustrating that 1) the officers had probable cause to believe that appellant possessed methamphetamine at the locale to be searched, 2) appellant personally consumed that drug, 3) methamphetamine caused erratic and violent behavior, 4) the officers knew appellant possessed firearms in the trailer, and 5) the officers announcing their presence may afford the occupant time to dispose of the contraband. Moreover, precedent has long acknowledged the link between drugs, guns and violent behavior.  
See Wilson v. State
, 132 S.W.3d 695, 698 (Tex. App.–Amarillo 2004, pet. ref’d.) (deeming as “well-settled” the nexus between drugs, weapons, and violence).  
So too has the link provided basis for policemen not only to reasonably suspect that their safety may be endangered but also for conducting pat-down searches.  
Id.
  Given this and the evidence of record, we hold that reasonable grounds existed upon which the trial court could have found that the officers at bar need not have knocked and announced their presence before executing their search warrant at the trailer.  Consequently, issue one is overruled.  

Issues Two and Three – Sufficiency of the Evidence

In his final two points, appellant contends that the evidence was both legally and factually insufficient to link him with the methamphetamine found in the trailer.  We overrule each issue.

That appellant had in his pockets the same drug found in the trailer (
i.e.
 methamphetamine), that he lived in and exercised control over the trailer, that he was known to abuse methamphetamine, that drug paraphernalia was found not only in the barn whereat the officers initially encountered him but also in the trailer and on his person, and that the methamphetamine found in the trailer was in a place to which he had access (
i.e.
 the master bedroom) together constitute sufficient evidence upon which a rational factfinder could reasonably conclude that appellant possessed the methamphetamine found in the trailer.  And, merely because Jamie White also was in and had joint use of the trailer when the search occurred would not overwhelm the finding or render it manifestly unjust.  Simply put, the evidence was both legally and factually sufficient to support his conviction, as those standards are described in 
Jackson v. Virginia
, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), 
Sims v. State
, 99 S.W.3d 600 (Tex. Crim. App. 2003), 
Zuliani v. State
, 97 S.W.3d 589 (Tex. Crim. App. 2003), and 
King v. State
, 29 S.W.3d 556 (Tex. Crim. App. 2000). 

Having overruled each point of error, we affirm the judgment of the trial court.

Brian Quinn

    Justice

Publish. åàÉâãåßÑno pet.).

Accordingly, Jongebloed’s motion for rehearing is overruled.

Per Curiam