IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00331-CR

 

Johnnie Brian Cranford,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 272nd District Court

Brazos County, Texas

Trial Court No. 04-01229-CRF-272

 



MEMORANDUM  Opinion










 

      Cranford appeals his conviction for
possession of cocaine.  See Tex.
Health & Safety Code Ann. § 481.102(3)(D) (Vernon Supp. 2005),
§ 481.115(a)-(b) (Vernon 2003).  We affirm.

      Factual
Sufficiency of the Evidence.  In Cranford’s first issue, he contends
that the evidence that he knowingly or intentionally possessed cocaine was
factually insufficient.  “‘Possession’ means actual care, custody, control, or
management.”  Tex. Penal Code Ann.
§ 1.07(a)(39) (Vernon Supp. 2005).  “In a factual-sufficiency review, we
view all of the evidence in a neutral light . . . .”  Prible
v. State, 175 S.W.3d 724, 730-31 (Tex. Crim. App.), cert. denied, 126
S. Ct. 481 (2005); accord Clewis v. State, 922 S.W.2d 126, 128-36
(Tex. Crim. App. 1996).  “There are two ways in which a court may find the
evidence to be factually insufficient . . . .”  Drichas v.
State, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005).  “[W]e set the verdict
aside only if the evidence is so weak that the verdict is clearly wrong and
manifestly unjust, or the contrary evidence is so strong that the standard of
proof beyond a reasonable doubt could not have been met.”  Prible at
730-31; accord Zuniga v. State, 144 S.W.3d 477, 481 (Tex. Crim. App.
2004).  “A clearly wrong and unjust verdict occurs where the jury’s finding is
‘manifestly unjust,’ ‘shocks the conscience,’ or ‘clearly demonstrates bias.’” 
Prible at 731 (quoting Santellan v. State, 939 S.W.2d 155, 164
(Tex. Crim. App. 1997)).   “[T]he jury [in determining the verdict] should
consider the totality of the direct or circumstantial evidence and the
reasonable inferences which may be drawn therefrom, in determining whether it
was sufficient to establish guilt beyond a reasonable doubt.”  Desselles v.
State, 934 S.W.2d 874, 879 (Tex. App.—Waco 1996, no pet.) (quoting Hankins
v. State, 646 S.W.2d 191, 199 (Tex. Crim. App. 1983) (op. on reh’g)) (2d
alteration in Desselles).      

      Cranford does not point to any evidence
contrary to the verdict, and argues only that the evidence was too weak to
support the findings that he knew that the substance in his pocket was cocaine
or that it was in his pocket.  Cranford points out that he was found
unconscious and arrested for public intoxication.  See Tex. Penal Code Ann. § 49.02(a)
(Vernon 2003).  The State points to evidence that an inhaler containing cocaine
was found inside Cranford’s pocket after he was arrested.  The presence of
controlled substances in the defendant’s pocket is strong evidence that the
defendant intentionally or knowingly possessed them.   See Coleman v. State,
No. 10-04-00237-CR, 2005 Tex. App. LEXIS 5235, at *1-*2 (Tex. App.—Waco July 6, 2005, no pet.) (not designated for publication) (mem. op.); White v.
State, 155 S.W.3d 927, 929 (Tex. App.—Amarillo 2005, pet. ref’d); Mason
v. State, 99 S.W.3d 652, 654, 657 (Tex. App.—Eastland 2003, pet. ref’d). 
The evidence that Cranford intentionally or knowingly possessed cocaine was not
so weak that the guilty verdict was clearly wrong or manifestly unjust.  Thus
the evidence was factually sufficient.  Accordingly, we overrule Cranford’s first issue.  

      Motions
for Mistrial.  In Cranford’s second and third issues, he contends
that the trial court erred in overruling Cranford’s motions for mistrial.  “A
mistrial is the trial court’s remedy for improper conduct that is ‘so prejudicial
that expenditure of further time and expense would be wasteful and futile.’”  Hawkins
v. State, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004) (quoting Ladd v.
State, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999)).  “[Wh]ere[] the trial
court sustain[s] the defense objection and grant[s] the requested instruction
to disregard,” “[t]he only adverse ruling—and thus the only occasion for making
a mistake—[i]s the trial court’s denial of the motion for mistrial.”  Hawkins
at 76, 76-77.  “Under those circumstances, the proper issue is whether the
refusal to grant the mistrial was an abuse of discretion.”  Id. at
77.  “An appellate court reviewing a trial court’s ruling on a motion for
mistrial must utilize an abuse of discretion standard of review
. . . .”  Wead v. State, 129 S.W.3d 126, 129 (Tex. Crim.
App. 2004); see Russeau v. State, 171 S.W.3d 871, 885 (Tex. Crim. App.
2005).  We “must uphold the trial court’s ruling if that ruling was within the
zone of reasonable disagreement.”  Wead at 129; see Prible, 175
S.W.3d at 731; Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App.
1991) (op. on reh’g).  “Only in extreme circumstances, where the prejudice is
incurable, will a mistrial be required.”  Hawkins at 77.  

       “On appeal, we generally presume the jury
follows the trial court’s instructions in the manner presented.”  Thrift v.
State, 176 S.W.3d 221, 224 (Tex. Crim. App. 2005); see id. n.10; accord
Dinkins v. State, 894 S.W.2d 330, 356 (Tex. Crim. App. 1995).

      Closing Argument.  In
Cranford’s second issue, he contends that the trial court erred in overruling Cranford’s motion for mistrial premised upon the State’s closing argument.  Cranford contends that the State’s argument struck at him over the shoulders of his
counsel.  See Flores v. State, 155 S.W.3d 144, 151 (Tex. Crim. App.
2004); Mosley v. State, 983 S.W.2d 249, 258-60 (Tex. Crim. App. 1998); Bray
v. State, 478 S.W.2d 89, 89-90 (Tex. Crim. App. 1972).  Cranford complains
of the following italicized closing argument by the State:

      [T]he law says any amount of drugs.  It
doesn’t say you get a free pass if it’s less than a gram.  It doesn’t—as we
talked about in voir dire yesterday, any amount is a violation of the law.  And
it doesn’t—between all the smoke and mirrors and the grasping of straws that
[Cranford’s counsel] has thrown out, it makes no difference—

      “Proper jury argument includes four areas:
(1) summation of the evidence presented at trial, (2) reasonable
deduction drawn from that evidence, (3) answer to the opposing counsel’s
argument, or (4) a plea for law enforcement.”  Jackson v. State, 17
S.W.3d 664, 673 (Tex. Crim. App. 2000); accord Alejandro v. State, 493
S.W.2d 230, 231-32 (Tex. Crim. App. 1973).  We assume without deciding that the
argument was improper.  See Mosley, 983 S.W.2d at 259.  

      Any error, however, was harmless.  “Any
other error, defect, irregularity, or variance” other than constitutional
error, “that does not affect substantial rights must be disregarded.”  Tex. R. App. P. 44.2(b).  We
“consider[] three factors when assessing the impact of the harm arising from
jury argument error under Rule of Appellate Procedure 44.2(b), for
non-constitutional error: (1) severity of the misconduct (the magnitude of
the prejudicial effect of the prosecutor’s remarks), (2) measures adopted
to cure the misconduct (the efficacy of any cautionary instruction by the
judge), and (3) the certainty of conviction absent the misconduct (the
strength of the evidence supporting the conviction).”  See Threadgill v.
State, 146 S.W.3d 654, 666-67 (Tex. Crim. App. 2004); Mosley, 983
S.W.2d at 259.  Cranford concedes that the first two factors favor the
State.  Cranford contends that the third factor favors him.  For the reasons
stated above, however, the evidence was not weak.  The trial court did not
abuse its discretion in overruling Cranford’s motion for mistrial.  We overrule
 Cranford’s second issue.

      Testimony.  In Cranford’s
third issue, he contends that the trial court erred in overruling Cranford’s motion for mistrial premised upon a witness’s testimony. Cranford contends that
the testimony constituted a comment on post-arrest silence.  See U.S. Const. amend. V; Greer v.
Miller, 483 U.S. 756, 761-63 (1987); Doyle v. Ohio, 426 U.S. 610 (1976); Tex. Const. art. I,
§ 10; Garcia v. State, 126 S.W.3d 921, 923-24 (Tex. Crim. App.
2004); Dinkins, 894 S.W.2d at 356-57.  

      Cranford complains of the following
italicized testimony on the State’s direct examination of a police officer:

      Q.   After you placed [Cranford] in custody, did you have the opportunity to search him?

      A.   Yes, sir. 
. . . .

      Q.   Did you find anything?

      A.   Yes, sir.  In his front
left pants pocket I found what appeared to be a small inhaler. 
. . . . 

      . . . .

      Q.   What was his demeanor
after you found this?

      A.   Once I found that, Mr. Cranford
wouldn’t speak any more.  I set them in front of him and asked what it was and
he quit talking at that point.

      Cranford also complains of the following italicized testimony:

 

      Q.   You said he had been
talking incoherently and vulgarly—

      A.   Yes.

      Q.   —before he was placed in
custody?

      A.   Yes.

      Q.   Did that continue?

      A.   No, sir, it did not.

      As to the latter testimony, Cranford forfeited his complaint.  “As a prerequisite to presenting a complaint for
appellate review, the record must show that . . . the complaint was made
to the trial court by a timely request, objection, or motion
. . . .”  Tex. R. App. P.
33.1(a).  “Except for complaints involving systemic (or absolute)
requirements, or rights that are waivable only . . . [,] all
other complaints, whether constitutional, statutory, or otherwise, are
forfeited by failure to comply with Rule 33.1(a).”  Neal v. State, 150
S.W.3d 169, 175 (Tex. Crim. App. 2004) (quoting Mendez v. State, 138
S.W.3d 334, 342 (Tex. Crim. App. 2004)) (ellipsis in Neal); accord
Reyna v. State, 168 S.W.3d 173, 177 (Tex. Crim. App. 2005); see Marin v.
State, 851 S.W.2d 275, 277-80 (Tex. Crim. App. 1993).  Cranford did not
object to the testimony.  Accordingly, Cranford forfeited his complaint as to
the testimony.

      As to the former testimony, moreover, the
trial court did not err.  “[O]rdinarily, a prompt instruction to disregard will
cure error associated with an improper question and answer.”  Simpson v.
State, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003) (quoting Ovalle v.
State, 13 S.W.3d 774, 783 (Tex. Crim. App. 2000)).  “A mistrial is required
only when the improper question is clearly prejudicial to the defendant and is
of such character as to suggest the impossibility of withdrawing the impression
produced on the minds of the jurors.”  Russeau, 171 S.W.3d at 885; accord
Simpson at 272.  “We defer to the trial court’s conclusion on whether an
instruction to disregard would have cured the problem.  Moreover, the trial
judge is in the unique position of being able to observe the reaction of the jury
and gauge the impact of an improper question . . . .”  Ex
parte Lewis, 165 S.W.3d 376, 385 (Tex. App.—Fort Worth 2005, pet. granted
on other grounds) (internal citation omitted)
illH.  

      Immediately upon Cranford’s objection, the
trial court thoroughly instructed the jury: “Members of the jury, you are
instructed to disregard the previous statement.  You are also instructed that a
person’s refusal to testify or refusal to speak to the police cannot be taken
in any circumstance as a circumstance against them.”  Accordingly, the trial
court did not abuse its discretion in overruling the motion for mistrial.

      We overrule Cranford’s third issue.

      CONCLUSION.  Having
overruled Cranford’s issues, we affirm.

TOM GRAY

Chief
Justice

Before Chief Justice Gray,

      Justice Vance, and

      Justice
Reyna

      (Justice
Vance concurring with note)*

Affirmed

Opinion
delivered and filed April 26, 2006

Do
not publish

[CR25]

  *  “(Justice Vance concurs in the judgment
with a note:  I do not join the majority opinion for two reasons.  First, we
have recently written extensive, published opinions on the review of the
failure to grant a mistrial.  Perez v. State, 2006 WL 133575, at *1-2 (Tex. App.—Waco January 18, 2006, no pet. h.); Lewis v. State, ___ S.W.3d ___, 2006
WL 727697, at *3-6 (Tex. App.—Waco March 22, 2006, no pet. h.).  We should cite
our own authority, when applicable.  Second, the opinion says we “defer to the
trial judge’s” conclusion about the effectiveness of an instruction to
disregard.  We have not done so before, and the cases relied on by the majority
do not support the proposition.  What they do support is deference to the trial
judge’s determination that an instruction would not be effective and the
decision to grant a mistrial, when the issue for appellate review is whether
double jeopardy bars a retrial.  See Bowen v. State, 131 S.W.3d 505, 509
(Tex. App.—Eastland 2004, pet. ref’d) (citing State v. Lee, 15 S.W.3d
921 (Tex. Crim. App. 2000))).)”