NUMBER 13-05-702-CR


COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


OVIDIO HERNANDEZ MEDRANO, JR., Appellant,


v.


THE STATE OF TEXAS, Appellee.

 
 

On appeal from the 180th District Court of Harris County, Texas.

 


MEMORANDUM OPINION


Before Justices Hinojosa, Rodriguez, and Garza


Memorandum Opinion by Justice Garza


Appellant, Ovidio Hernandez Medrano, Jr., was convicted by a jury of unlawful
possession of cocaine and was sentenced by the trial court to nine months' imprisonment. 
See Tex. Health & Safety Code Ann. § 481.102(3)(D) (Vernon Supp. 2005), § 481.115(a),
(b) (Vernon 2003). Appellant challenges his conviction by two issues which assert that the
trial court committed reversible error in overruling his two motions to strike a venireman for
cause, and by two issues which challenge the sufficiency of the evidence. We affirm.

I. Factual Background

Police officers observed appellant driving a truck with a defective rear taillight while
patrolling a neighborhood known for drug-use in Harris County. Before the officers could
effect a traffic stop, appellant stopped his vehicle and exited. Shortly thereafter, a female
passenger, appellant's girlfriend Liza Galvan, exited as well. Appellant initially was unable
to offer an explanation for being in the area or for stopping where he did. The officer
characterized appellant as nervous, fidgety, jittery, and evasive and noted that appellant
spoke with a nervous stammer and avoided eye contact. The officer testified that he saw,
in plain view, two glass pipes in a paper napkin on the bench seat of the vehicle, which he
recognized immediately as crack pipes. (1) The pipes were in a location accessible to
appellant and Galvan. At the time, Galvan indicated that the pipes belonged to appellant. 
Galvan later testified that the pipes were hers, and one of appellant's family members
testified that appellant had never used drugs. A field test conducted on the pipes resulted
in a presumptive positive for crack cocaine. The pipes were sent to the Harris County
Medical Examiner's Office, where the results were confirmed. The officer observing
appellant noted that he had burnt lips, burnt fingernails, raised taste buds, dilated pupils,
and an elevated pulse. Based on these observations and his experience with drug-related
offenses, the officer believed appellant had recently used crack cocaine. The officer
swabbed appellant's hands pursuant to another field test, which also produced a
presumptive positive for cocaine. Appellant was charged with possession of cocaine for
one crack pipe, and Galvan was charged with possession of cocaine for the other crack
pipe. Appellant was subsequently convicted by a jury of unlawful possession of cocaine
and was sentenced by the trial court to nine months' imprisonment. This appeal ensued. 

II. First and Second Issues: Jury ChallengesIn his first and second issues, appellant contends the trial court erred in overruling
his two motions to strike two veniremembers for cause. 

During the general voir dire of the panel, appellant's counsel asked the panel as a
whole if any of them would "lean towards the police" at trial. The response was "No." 
Counsel then inquired of the two police officers on the panel the following: "[C]an ya'll ever
see a situation where a police officer would lie?" Each officer answered "No." Appellant
challenged the veniremen for cause based on a perceived bias toward police officers. The
trial court denied the challenges for cause and denied appellant's request for two additional
peremptory challenges. Appellant did not subsequently identify any seated jurors as
objectionable.

B. Relevant Law

To preserve error on denied challenges for cause, an appellant must demonstrate
on the record that: (1) he asserted a clear and specific challenge for cause; (2) he used a
peremptory challenge on the complained-of venireperson; (3) all his peremptory challenges
were exhausted; (4) his request for additional strikes was denied; and 5) an objectionable
juror sat on the jury. Feldman v. State, 71 S.W.3d 738, 744 (Tex. Crim. App. 2002) (citing
Green v. State, 934 S.W.2d 92, 105 (Tex. Crim. App. 1996), cert. denied, 520 U.S. 1200
(1997)).

Although appellant demonstrated that he exhausted his peremptory challenges and
that the trial court denied a request for additional strikes, appellant failed to demonstrate
that an objectionable juror sat on the jury. (2) He has therefore failed to preserve this
complaint. See Green v. State, 934 S.W.2d 92, 105 (Tex. Crim. App. 1996) (concluding
that defendant failed to preserve error on issue of whether trial court erred in denying his
challenge for cause against venireman where there was no evidence in the record
defendant complained about any objectionable jurors seated on the jury). We overrule
appellant's first and second issues. 

III. Third and Fourth Issues - Legal and Factual Sufficiency

In his third and fourth issues on appeal, appellant contends the evidence is legally
and factually insufficient to support his conviction. Specifically, appellant asserts that the
evidence affirmatively linking him to the cocaine is legally and factually insufficient to
support his conviction because he did not exercise actual care, control, and management
over the cocaine. Instead, he asserts that the record shows that Galvan was in clear,
unequivocal control over the pipes containing the cocaine residue. He further argues that
his mere presence in the vehicle where the cocaine was found is insufficient to establish
possession where the vehicle was also occupied by Galvan. A. Standard of Review

 When reviewing the legal sufficiency of the evidence, we view the evidence in the
light most favorable to the verdict to determine whether any rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307, 319 (1979); Sanders v. State, 119 S.W.3d 818, 820 (Tex. Crim. App.
2003). This standard is applicable in both direct and circumstantial evidence cases. 
Chambers v. State, 711 S.W.2d 240, 244-45 (Tex. Crim. App. 1986). We are not fact
finders; our role is that of a due process safeguard, ensuring only the rationality of the trier
of fact's finding of the essential elements of the offense beyond a reasonable doubt. See
Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988).

 In a factual-sufficiency review, the evidence is viewed in a neutral light, favoring
neither party. See Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996). In this
neutral light, we determine whether (1) the evidence is so weak that the verdict is clearly
wrong and manifestly unjust or (2) the verdict is against the great weight of the evidence. 
Coleman v. State, 131 S.W.3d 303, 307 (Tex. App.-Corpus Christi-Edinburg 2004, pet.
ref'd.). A clearly wrong and unjust verdict occurs where the jury's finding "shocks the
conscience" or "clearly demonstrates bias." Santellan v. State, 939 S.W.2d 155, 164-65
(Tex. Crim. App. 1997). We are authorized to disagree with the fact finder's verdict even
if there is probative evidence that exists that supports the verdict. Id. at 164. 

 In a criminal conviction, sufficiency of the evidence is determined by the elements
of the crime as defined by the hypothetically correct jury charge. Malik v. State, 953 S.W.2d
234, 240 (Tex. Crim. App. 1997). The correct charge would be one that accurately sets out
the law, is authorized by the indictment, does not unnecessarily increase the State's burden
of proof or unnecessarily restrict the State's theories of liability, and adequately describes
the particular offense for which the defendant was tried. Id. 


B. Analysis

 To support a conviction for possession of cocaine, the State must prove two
evidentiary requirements: first, the accused exercised care, custody, control or management
over the substance; and second, that he had knowledge that the matter possessed was
contraband. Poindexter v. State, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005) (citing
Joseph v. State, 897 S.W.2d 374, 376 (Tex. Crim. App. 1995); Martin v. State, 753 S.W.2d
384, 387 (Tex. Crim. App. 1988)). 

When a defendant is not in exclusive possession of the place where the controlled
substance is found, the State must prove additional independent facts and circumstances
that affirmatively link the defendant to the contraband in such a way that it can be concluded
that the defendant had knowledge of the contraband and exercised control over it. 
Poindexter, 153 S.W.3d at 406; Cude v. State, 716 S.W.2d 46, 47 (Tex. Crim. App. 1986). 
Affirmative links may be proved with circumstantial evidence, but if the proof only amounts
to "a strong suspicion or even a probability," it will not suffice. Jenkins v. State, 76 S.W.3d
709, 712 (Tex. App.-Corpus Christi 2002, pet. ref'd). Affirmative links are established when
the evidence, direct or indirect, establishes "that the accused's connection with the drug was
more than just fortuitous." Brown v. State, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995). 
Evidence that affirmatively links a defendant to contraband suffices for proof that the
defendant possessed it knowingly and exercised care, control, and management over it. 
See Brown, 911 S.W.2d at 747; see also Jenkins, 76 S.W.3d at 712. 

 Courts have identified a number of factors that may help to show an affirmative link
to controlled substances. See, e.g., Poindexter, 153 S.W.3d at 406; Jenkins, 76 S.W.3d
at 712-13; Lassaint v. State, 79 S.W.3d 736, 740 (Tex. App.-Corpus Christi 2002, no pet.);
Gilbert v. State, 874 S.W.2d 290, 298 (Tex. App.-Houston [1st Dist.] 1994, pet. ref'd). The
following is a non-exclusive list of factors that have been found to affirmatively link a
defendant to contraband: (1) whether the contraband was in plain view or recovered from
an enclosed place; (2) the accused was the owner of the premises or had the right to
possess the place where the contraband was found, or the owner or driver of the
automobile in which the contraband was found; (3) the accused was found with a large
amount of cash; (4) the contraband was conveniently accessible to the accused, or found
on the same side of the vehicle as the accused was sitting; (5) the contraband was found
in close proximity to the accused; (6) a strong residual odor of the contraband was present;
(7) the accused possessed other contraband when arrested;(8) paraphernalia to use the
contraband was in view, or found on the accused; (9) the physical condition of the accused
indicated recent consumption of the contraband in question; (10) conduct by the accused
indicated a consciousness of guilt; (11) the accused attempted to flee; (12) the accused
made furtive gestures; (13) the accused had a special connection to the contraband; (14)
the occupants of the premises gave conflicting statements about relevant matters; (15) the
accused made incriminating statements connecting himself to the contraband; (16) the
quantity of the contraband; and (17) the accused was observed in a suspicious area under
suspicious circumstances. See Poindexter, 153 S.W.3d at 406; Jenkins, 76 S.W.3d at 712-13; Lassaint, 79 S.W.3d at 740; Gilbert, 874 S.W.2d at 298. It is not the number of factors
present that is important, but, rather, the "logical force" that they create to prove that the
defendant knowingly possessed the controlled substance. Jenkins, 76 S.W.3d at 713
(citations omitted). The defendant's actions toward the contraband or the police may be
considered an affirmative link. Payne v. State, 480 S.W.2d 732, 734 (Tex. Crim. App.
1972); Granados v. State, 843 S.W.2d 736, 740 (Tex. App.-Corpus Christi 1992, no pet.). 

 In the light most favorable to the verdict, the record shows the following affirmative
links between appellant and the cocaine: the contraband was found in close proximity to
appellant; it was in plain view; it was found in appellant's vehicle, while he was driving it; 
and appellant possessed other drug paraphernalia, specifically, a disposable cigarette
lighter lying next to the crack pipes. See White v. State, 155 S.W.3d 927, 929 (Tex.
App.-Amarillo 2005, pet. ref'd) (setting out that a cigarette lighter was among the drug
paraphernalia used to link possession of drugs to the defendant). In addition, appellant
appeared to the officer to be under the influence of drugs and exhibited physical signs
indicative of cocaine use, including burnt lips, burnt fingertips, raised taste buds, dilated
pupils, and an elevated pulse. See Hurtado v. State, 881 S.W.2d 738, 743 (Tex.
App.-Houston [1st Dist. 1994, pet. ref'd) (concluding that the physical condition of
defendant indicating recent drug consumption is an affirmative link showing control over
contraband); Alvarez v. State, 857 S.W.2d 143, 148 (Tex. App.-Corpus Christi 1993, pet.
ref'd) (providing that pupil dilation indicated drug use, affirmatively linking appellant to
possession of cocaine). Appellant's hands were swabbed for a field test, which resulted in
a presumptive positive for cocaine. Appellant was also found with the contraband in an
area known for the sale of crack cocaine and initially could offer no explanation for being
in the area. Appellant told police that both pipes belonged to his passenger; however, she
told police the pipes belonged to appellant. See Robinson v. State, 174 S.W.3d 320, 327
(Tex. App.-Houston [1st Dist.] 2005, no pet.) (determining that conflicting statements from
vehicle occupants may establish affirmative links if the statements or inferences made
therefrom establish a connection to appellant's knowledge of the contraband's presence). 
 Based on these facts, a rational trier of fact could have found beyond a reasonable
doubt that appellant possessed cocaine. Accordingly, we hold that the evidence is legally
sufficient to support appellant's conviction for possession. Appellant's third issue is
overruled. 

 Appellant also contends that the evidence is factually insufficient to establish an
affirmative link between him and the cocaine. In support of his argument, appellant asserts
that Galvan clearly had control over the crack pipes. In light of the links discussed above,
we conclude that it was reasonable for the jury to find that appellant knew of the cocaine
in the car and exercised control, management, or care over it. We conclude that the verdict
is not so against the great weight and preponderance of the evidence as to be manifestly
unjust, and that proof of guilt is not so weak as to undermine confidence in the jury's
determination. Appellant's fourth issue is overruled.

 The judgment of the trial court is affirmed.

 

 _______________________

 DORI CONTRERAS GARZA,

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and 

filed this the 17th day of August, 2006.
1. We note that appellant contends Galvan was holding the napkin containing the pipes, as opposed
to the napkin being on the seat.
2. Appellant's brief states that the record shows that "two veniremen unacceptable to the defense were
seated on the jury." However, after careful review of the record, we are unable to ascertain which two
veniremen appellant is making reference to. While the record reflects that appellant successfully struck the
two officers, the record does not reflect that appellant complained of any jurors seated on the jury.